DONALD McLARTY, Non Compos Mentis, by Christine McLarty Welzer, as Guardian ad Litem, Appellant, v. WILLIAM RAYMOND, Respondent.

(172 N. W. 836.)

**Damages — appointment of guardian for suit who is non compos mentis — power of trial court to appoint.**

In an action for damages apparently based upon fraudulent representations made to secure the execution of certain notes and a mortgage for $1,000, and upon the wrongful connivance of the defendant thereby securing the incarceration of the plaintiff, who was *non compos mentis*, in the insane asylum, it is

*held* upon the record that the trial court was authorized to appoint a guardian *ad litem,* and that the complaint fails to state cause of action.

Opinion filed April 29, 1919.

Action for damages.

Appeal from an order sustaining demurrer, in District Court, Williams County, *Fisk,* J.

Affirmed.

*Brace & Stuart,* for appellant.

"An insane person has a right to sue." 16 Am. & Eng. Enc. Law, 600.

"A guardian *ad litem* is not a party to the suit, but is appointed by the court to protect the property rights of the noncompetent." 15 Am. & Eng. Enc. Law, 2. See Comp. Laws 1913, § 7401; Mailen v. Mailen, 2 Johns. Ch. 238; Denney v. Denney, 8 Allen, 313; 1 Dan. Ch. Pr. 83; Story, Eq. Pr. § 66; Deil v. Smith, L. R. 9 Ch. 91; Mass. Gen. Stat. 1860, chap. 109, § 18; Plympton v. Hall, 55 Minn. 22, 21 L.R.A. 675, 56 N. W. 351; 10 Standard Proc. 710; 13 Standard Proc. 598; Frieseke v. Frieske, 138 Mich. 458, 101 N. W. 632.

A misjoinder of causes of action is a misjoinder of causes belonging to different classes, such as contract and tort, etc. 6 Standard Proc. 902; Coddington v. Canady, 157 Ind. 243, 61 N. W. 567; Kurtz v. Lyden Canyon Sanatorium Co. 37 Utah, 313, 108 Pac. 14; Boyd v. Mut. F. Asso. 116 Wis. 155, 61 L.R.A. 918, 90 N. W. 1086, 94 N. W. 171; Kope v. Winterfield, 116 Wis. 44, 92 N. W. 437; Crosby v. Lehigh Valley R. Co. 128 Fed. 193, affirmed in 70 C. C. A. 199, 137 Fed. 765; Randal v. Johnson, 20 N. D. 493, 128 N. W. 687.

Under the codes, as a rule it is no ground for demurrer that several causes of action are not separately stated. N. D. Comp. Laws 1913, § 7466; 6 Standard Proc. 904; Tishbein v. Paine, 52 Ind. App. 441, 100 N. E. 766; First Nat. Bank v. Ingle, 37 Okla. 276, 132 Pac. 895; Danielson v. Garage Equipment Mfg. Co. 151 Wis. 492, 139 N. W. 443.

*Craven & Converse,* for respondent.

"When an infant is a party he must appear either by his general

guardian or by a guardian appointed by the court in which the action is pending." Comp. Laws 1913, §§ 7399, 7401, 8885; Tiffany v. Worthington, 96 Iowa, 560, 65 N. W. 817; Beall v. Smith, 43 L. J. Ch. N. S. 245, L. R. 9 Ch. 85, 29 L. T. N. S. 625, 22 Week. Rep. 121; Gustafison v. Ericksdotter (Kan.) 16 Pac. 91.

Per Curiam. This is an action for damages. The cause of action dates back to 1909. The real party in interest is *non compos mentis.* In the month of October, 1916, nearly a month prior to the institution of this action, the trial court, upon the application of the plaintiff, appointed a guardian *ad litem.* The action was instituted in November, 1916. A demurrer was interposed to the complaint upon four grounds; *viz.*

1. No legal capacity to sue.

2. Defect of parties plaintiff in that the incompetent person can prosecute his action only by a general guardian.

3. Facts insufficient to constitute a cause of action; and,

4. Several causes of action improperly united.

The trial court in March, 1918, sustained the demurrer, and from its order so doing the plaintiff has appealed.

The record does not show the existence of any general guardian for the incompetent. Consequently the court was authorized, under § 7401, Comp. Laws 1913, to appoint a guardian *ad litem.*

The complaint, however, fails to state a cause of action. It will serve no useful purpose to extend this opinion by an involved consideration of the allegations of this complaint. It is hard indeed to discover either a theory or a purpose from the viewpoint of the pleader. The gist of the action seems to be the false representations made by the defendant to this incompetent by reason of which he was induced to execute certain notes and a mortgage for $1,000 in order to be in a position to marry the sister-in-law of the defendant; and that the defendant, through wrongful connivance, secured the incarceration of the plaintiff in the hospital for the insane. The complaint grounds an action neither in false imprisonment nor upon fraud and deceit; even the old common-law action on the case cannot be predicated upon allegations of this complaint. In fact, the complaint shows no deprivation of property possessed by the incompetent. Possibly a cause of action may

exist in favor of the incompetent. This court is not disposed to forever bar the plaintiff from maintaining his cause of action, if one he has. The order of the trial court is affirmed, with costs to the respondent, without prejudice to the plaintiff proceeding upon an application before the trial court to amend his complaint either as to the party plaintiff or as to the cause of action, as he may deem proper.

ROBINSON, J. (dissenting). This case presents a short story, a simple narrative with a plot. The plaintiff is a credulous simpleton who lives alone and farms a quarter section of land. Defendant is a shrewd banker who likes to get his hand on a thousand dollars. He says to the simpleton: It is not well for a man to live alone on a farm. I should think it would drive you crazy. For every Adam God has made an Eve. Mortgage your good farm for $1,000, put the money in my bank. Then I will say to my sister-in-law: Here is a good thrifty farmer with $1,000 in the bank; why don't you marry him? I will induce her to wed with you and you will be happy ever afterwards. The farm is mortgaged, is lost. The broker gets the thousand dollars and to make sure of it he contrives to have the simpleton sent to the insane asylum. The sister is the heroine. She makes search for her poor lost brother and in time she finds him in the asylum, secures his release and her appointment as guardian and commences this suit to recover $15,000 damages. The appeal is from an order sustaining a demurrer to the complaint and dismissing the action.

The complaint contains forty-one folios or 4,000 words, so it is long enough to be good. It avers in effect that in 1909, in Williams county, the plaintiff owned a quarter section of land (N.E. 14–156–98); that he was *non compos* or of weak and unsound mind; that defendant is a banker who manages and virtually owns the First State Bank of Wheelock, and that to secure $1,000 from the plaintiff he advised and persuaded him to mortgage his land for $1,000 and to deposit the same in the bank, which he did. And in consideration thereof defendant agreed to induce his sister-in-law to marry the plaintiff; that relying on such promises the plaintiff did mortgage his land for $1,000, which he received and deposited with defendant in his bank, and defendant still holds and retains the same; that to pay the mortgage the plaintiff was forced to sell and did sell the land at half its value, and

then to secure himself in the possession and use of the money defendant wrongfully and surreptitiously caused the plaintiff to be sent to the insane asylum at Jamestown, where he was imprisoned for two and one-half years, until perchance his sister and guardian herein discovered his imprisonment and secured his release; that by said imprisonment and the loss of his land the plaintiff has sustained damages to the amount of $15,000.

The complaint further shows that the plaintiff had several relations, as defendant well knew; that he had a brother Daniel, in Williams county, a brother Nathan, at Colgan, North Dakota, and a brother Norman, at Williston, North Dakota, and a mother, brother, and sisters residing in Canada; that defendant caused the imprisonment of the plaintiff without giving notice to any of his relations, and that before the county court of Williams county he made a charge of insanity against the plaintiff and caused his arrest, and procured witnesses to testify against him, and procured false testimony to be given and falsely suppressed the disclosure of certain material facts.

Defendant demurs on the ground: (1) That the plaintiff has not legal capacity to sue; (2) that the complaint does not state a cause of action; (3) that several causes of action have been improperly united. Manifestly, according to the facts stated, defendant was guilty of gross wrong, for which the law affords a remedy. It is said that he induced the simple-minded plaintiff to mortgage his land for $1,000 in order to deposit the money with defendant and in his bank; and when defendant got the money, then, for the purpose of retaining it indefinitely, or forever, he caused the plaintiff on a charge of insanity to be sent to the asylum, at Jamestown, where he was imprisoned for two and one-half years, until his guardian herein secured his release. According to the facts stated, the money was obtained by gross fraud and artifice, and has been retained by the imprisonment of the plaintiff. It is all linked together as one and the same transaction, just as if the defendant had first caused the plaintiff to be imprisoned and then by force or stealth taken the money out of his pocket. Defendant was in no way related to the plaintiff and had no motive or reason to interfere with him, unless to get the thousand dollars.

On the demurrer the action was dismissed, with costs. That seems too much like playing horse and trifling with the due administration of

justice.   On making the order appointing a guardian *ad litem,* the learned judge must have known what he was doing, and no man should suffer by the fault of the court.   The order was made and the suit commenced for the benefit of the plaintiff, and not for the benefit of the defendant.

By statute county courts may appoint guardians of the person and property of an insane person, but the statute does not take from courts of common law and equity jurisdiction the inherent right to appoint guardians and trustees and to administer justice without denial or delay, and without the leave or license of inferior courts.

However, while the long complaint shadows forth a good cause of action, it is in many respects defective.   It is too vague and indefinite, as well as too long.   The complaint should state in a concise manner the essential facts which constitute a cause of action.   The facts should be so carefully stated as to render a demurrer frivolous.   The order sustaining the demurrer and dismissing the action should be reversed, with directions to amend the complaint, and with costs to abide the event of the suit.